UNITED STATES v. SCHMIDT.

(Third Division. Valdez. July 7, 1917.)

No. 901.

LICENSES ⬤⟿11(1)—CORPORATIONS—TRANSFER COMPANIES.

Defendant refused to pay a license to do business as a "transfer company," claiming that the law applied only to associations, partnerships, and corporations, and not to individuals. *Held*, that the words "transfer companies" must be construed with reference to the first descriptive words in the sentence, "That any person or persons, corporation or company prosecuting or attempting to prosecute any of the following lines of business," and, being so construed and considered, they shall be deemed to include an individual. The license tax was laid on the occupation or business, rather than on the person or class of persons engaged in the business.

W. N. Spence, U. S. Dist. Atty., of Valdez, for the United States.

E. E. Ritchie, of Valdez, for defendant.

BROWN, District Judge. Section 2569, Compiled Laws of Alaska, provides:

"That any person or persons, corporation, or company prosecuting or attempting to prosecute any of the following lines of businesses within the district of Alaska shall first apply for and obtain license so to do from a district court or a subdivision thereof in said District, and pay for said license for the respective lines of business and trade as follows, to wit: * * * Transfer companies, fifty dollars per annum. * * *"

Certain individuals carrying on a general transfer business have sought to evade the payment of this license by a claim that the words "transfer companies" applied only to associations, partnerships, or corporations and not to individuals.

If the language used in the beginning of this section 2569, to wit, "That any person or persons, corporation or company," etc. should not be deemed sufficient, the authorities are decisive of this question that the word "companies" should be deemed to include persons or individuals, as the license or tax is really upon the occupation, and not upon any particular person or class of persons.

In the case of Singer Manufacturing Company v. Wright, 97 Ga. 118, 25 S. E. 250, 35 L. R. A. 497, the court says:

"The most serious question for determination as to the constitutionality of the law in hand, in view of the 'uniformity clause' above mentioned, is this: Is its language sufficiently comprehensive in meaning to embrace all manufacturers of sewing machines who sell at retail? Unless it is, the law must fail; because, when once a class is established, every member properly belonging to that class must be taxed, or else the uniformity required is destroyed. If the words 'every sewing machine company' are applicable only to corporations or partnerships, then individuals manufacturing and selling sewing machines would not be reached. It may be true; in point of fact, that there are no single individuals in Georgia answering to this description; but the law should be broad enough in its terms to include any person who may at any time, upon his own account, enter upon such business, for otherwise it would be possible for an individual to begin the transaction of this very business, and escape a tax which corporations in the same business are compelled to pay. An omission of this kind in a taxing law might, in some instances, operate as an invitation to individuals to undertake business enterprises, because of an attendant nonliability for taxes, and a consequent advantage to be gained over competitors engaged in the same business who are specifically named and taxed. At any rate, such an omission makes a discrimination which the Constitution forbids. We think, however, that so far as the law with which we are now dealing is concerned the whole difficulty may be properly removed by simply holding that the words 'every sewing machine company' would apply to a sewing machine 'man' who undertook to engage in the manufacture and sale of such machines in this state. This construction, upon reflection, will be found not to be a strained or unreasonable one. On the contrary, we think it is entirely permissible, when reference is had to the object of the law in question; that object being, not to tax a company or person carrying on the business, but the business itself. Of course, if the tax be upon the business, it is entirely immaterial whether such business be carried on by an individual, a partnership, or a corporation. As has been seen, the power of the Legislature extends only to classifying business occupations into different branches, and laying upon each separate branch thus created such a tax as is deemed proper. The Legislature has absolutely no power to classify persons, natural or artificial, engaged

in precisely the same occupation, laying a tax upon some of them and exempting others, or imposing a tax not operating uniformly upon all. Therefore it would certainly seem the most natural and reasonable inference that the General Assembly, in passing the law in question, attempted to accomplish what it had an undoubted right to do rather than that which the Constitution expressly forbids. It should be the purpose of courts to give effect to legislative intention, and, where that intention is not perfectly clear, the unbending rule is that such a reasonable construction of the statute as will render it harmonious with constitutional restrictions should invariably be adopted. In the present instance we are quite sure the Legislature intended that this tax should apply to the business in question, no matter by whom the same might be conducted. Literally, the word 'company' could only mean a corporation or a partnership; but a literal construction is not demanded, and a few illustrations, taken from our legislative enactments on the subject of taxation, will show that this word 'company' has often been used therein, not only loosely, but in a sense which renders it perfectly evident that it was intended to embrace single individuals. Thus, in the tax acts of 1886, 1888, 1890, 1892, and 1894, taxes were imposed upon telephone, circus, brewing, and sewing machine companies. It can hardly be doubted that in some, at least, of these several instances, the Legislature unquestionably intended that the tax should be imposed upon the business designated, even though, conducted by an individual. For instance, if Adam Forepaugh exhibited in this state his great circus and menagerie, of which he was the sole owner and proprietor, although he was not literally a 'circus company,' it would surely not be denied that he would be subject to the tax imposed on such companies. Again, if a single individual had sufficient capital to establish and conduct a brewery, he would in like manner have to pay the tax imposed on brewing companies, although, strictly speaking, not himself a company. These illustrations might be further extended, but it is deemed unnecessary. It is quite probable that our General Assembly did not, in express terms, impose a tax on single persons who might engage in the sewing machine business, for the reason that, in point of fact, none such were then engaged in conducting the business in this state exclusively upon their own account. But, however this may be, we think, in view of what has above been said, the law would reach such a person, if one could be found carrying on the business in question. While, as a general rule, tax laws must be strictly construed as to their operation upon those to be thereby affected, it will not do in every instance to confine words to their literal and ordinary signification. Certainly, if so doing would render a statute unconstitutional, the court should extend the letter so as to save the statute, if possible, the presumption always being in favor of its constitutionality. 'Statutes relating to taxation * * * are to be so construed as to carry into effect the obvious intent of the Legislature, rather than to defeat that intent by a too strict adherence to the letter.' Cornwall v. Todd, 38 Conn, 443. So likewise it was said in Big Black Creek Imp. Co. v.

Com., 94 Pa. 450: 'Statutes are to be construed so as may best effectuate the intention of the makers, which sometimes may be collected from the cause or occasion of passing the statute, and where discovered it ought to be followed with judgment and discretion in the construction, though the construction may seem contrary to the letter of the statute.' A clause in the general corporation law of the state of Illinois provided that no city council should grant the right to lay down railway tracks in any street of a city to any steam or horse railway company, except upon certain conditions, and it was held that the word 'company' as employed in that clause, embraced natural persons as well as corporations. Canal Co. v. Garrity, 115 Ill. 156, 3 N. E. 448. Mr. Justice Scholfield, in delivering the opinion of the court, said (page 164, 115 Ill., and page 451, 3 N. E.): 'It is very clear that "natural persons" are here within the intention, although not within the letter, of the act, for the injury against which protection is intended to be afforded is the laying of railway tracks in the streets. By whom the tracks shall be laid and the cars thereon operated is, manifestly, of no consequence whatever. The same result, in all respects, will follow the laying of railway tracks in the streets and operating cars thereon by individuals as will follow the laying of them by corporations. The use of the word "company," we have no doubt, was simply because such tracks are almost always laid and operated by companies. The clause should be read as including both corporations and individuals.' The language just quoted will, upon a very casual consideration, be found, in principle, precisely applicable to our present question. We are therefore of the opinion that the law imposing the tax complained of is not violative of the 'uniformity clause' of the article of the Constitution of this state relating to taxation."

The said license of $50 is therefore collectible from any person or persons, corporation or company, carrying on the said transfer business.